UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-060 |
| | ) | |
| STEPHANIE LINSEY HAMBLEN | ) | |

## MEMORANDUM AND ORDER

Now before the Court is the defendant's counseled motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i). [Doc. 422]. The United States has responded in opposition [docs. 429, 467], and the defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motion will be denied.

### I. BACKGROUND

In February 2020, this Court sentenced the defendant to a 37-month term of imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FCI Greenville with a projected release date of February 11, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 28, 2020). The defendant now moves for compassionate release due to the COVID-19 pandemic, hepatitis C, a blood clot in her lung, and the desire to serve as a caregiver for her mother.

### II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and

compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have generally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion

2

for compassionate release.").[1]  "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision."  *Id.* at 1114.

## A. Exhaustion

The defendant was not yet in BOP custody when her motion was filed, so she therefore had not previously submitted a compassionate release request to the BOP.  As such, in its initial response brief the United States conceded "that the exhaustion requirement has been satisfied here."  [Doc. 429, p. 5].

The defendant then went into BOP custody on approximately September 28, 2020.  [Doc. 455].  In its subsequent supplemental response brief, the United States advised that it "has elected to waive enforcement of the exhaustion requirement in this case, thereby allowing the Court to consider the substance of Hamblen's motion."  [Doc. 467, p. 2].  The Court thus has authority under § 3582(c)(1)(A) to address the motion.  *See Alam*, 960 F.3d at 832.

## B. Merits

As mentioned above, in support of her motion the defendant cites the COVID-19 pandemic, hepatitis C, a blood clot in her lung, and her desire to serve as a caregiver for her mother.  Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments and the broader facts of this case in light of the pertinent § 3553(a) factors.  Pursuant to 18 U.S.C. § 3553(a),

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3
Case 2:19-cr-00060-RLJ-CRW   Document 483   Filed 01/08/21   Page 3 of 8   PageID #: 2400

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

　(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

　(B) to afford adequate deterrence to criminal conduct;

　(C) to protect the public from further crimes of the defendant; and

　(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

　(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

　　(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

　　(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

　. . .

(5) any pertinent policy statement—

　(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

4

> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

The defendant has submitted no medical documentation of her conditions, or of her mother's need for a caregiver. BOP records filed by the United States confirm only that the defendant has hepatitis C, asthma, and an unspecified ankle injury. [Doc. 467, ex. 2]. Persons with moderate-to-severe asthma might be at increased risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 28, 2020). There is, however, no evidence that the defendant's asthma is moderate-to-severe.

Medical records reviewed by the United States Probation Office in preparing the defendant's Presentence Investigation Report ("PSR") show a 2016 diagnosis of hepatitis C, a 2018 diagnosis of pneumonia in both lungs, and 2018 treatment for a spot on one lung following a motor vehicle collision. [Doc. 231, ¶¶ 51-53]. Those facts, again, do not speak to the defendant's *current* medical condition. As to the defendant's mother, the PSR mentions only the defendant's self-report that her mother "suffers with medical issues related to her lungs, leukemia, COPD, and a brain tumor." [*Id.*, ¶ 48].

The BOP's SENTRY Report shows that the defendant is categorized as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Dec. 28, 2020).

Turning to the nature and circumstances of the instant offense and the defendant's history and characteristics, in this case the defendant distributed methamphetamine from March 2018 through December 2019, notwithstanding her health troubles. [Doc. 231, ¶¶ 8-11]. Her pretrial release was revoked due to numerous violations of her bond conditions. [*Id.*, ¶ 6].

Prior convictions include driving offenses, simple possession, and shoplifting. [*Id.*, ¶¶ 31-36]. The defendant's history of polysubstance abuse dates back to age 12. [*Id.*, ¶ 56].

6

According to SENTRY, the BOP categorizes the defendant as a minimum-security inmate with a medium risk of recidivism. To her credit, she has incurred no disciplinary sanctions during her brief time in BOP custody and is currently enrolled in the Residential Drug Abuse Program.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. Such relief in this case would not reflect the seriousness of the instant offense, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes.

The defendant's current physical condition is essentially undocumented, and the record is devoid of evidence of her mother's present need for a caregiver. The defendant distributed methamphetamine on multiple occasions, causing incalculable harm. She repeatedly violated her conditions of pretrial release in this case a mere 18 months ago, indicating a greater need for deterrence and for protection of the public. The defendant has served less than half of the relatively low sentence imposed. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (Several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). For these reasons, the defendant's motion will be denied.

## III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 422] is **DENIED**.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge